Judge Mills
delivered the opinion,
The present plaintiff in error brought an ejectment in the court below, and was nonsuited. In the execution which issued for costs, the clerk taxed an attorney’s fee of ten dollars. The plaintiff moved the court below to correct this taxation by directing a credit for at least half the fee taxed. The court overruled the motion; and to that decision this writ of error is prosecuted.
It would, perhaps, be difficult to find a question in our code, dependant on statutory provisions alone, more involved in difficulty and doubt than the question, what attorney’s fee is taxable by law. By the law establishing circuit courts, (3 Litt. 85,) it is provided, "that in all causes at law and in equity, where the title or boundaries of land *622 shall come in question in the circuit courts, the attorney’s fee to be taxed in the bill of costs shall be the same as has been allowed heretofore in the district courts, and in all other cases the same fee shall be allowed as heretofore has been in similar cases in the quarter session courts.” By examining what fees were allowed in the district courts, we find it provided in 1 Litt. 336, that “the fees to be taxed in the bill of costs for an attorney, in actions at common law, shall be the same that are allowed in the court of quarter sessions, and for suits in chancery, the same that are allowed in the court of appeals.” This refers the chancery fees to the fees of the appellate court, of which, for the present, no further notice will be taken. But the fees in an action at common law, are referred to laws governing the courts of quarter sessions. By the laws regulating the courts of quarter sessions, it is provided in 1 Litt. 95, that “all officers of the said courts shall have the same powers, perform the same duties, and be entitled to the same fees as are now by law given to, required of, or payable to the officers of the county courts; and in all cases not hereby particularly provided for, the said courts shall be governed by the laws now in force respecting the county courts.” This act having referred us to the county courts for the rule of taxation, we discover no law governing that subject in this state, since the separation from Virginia. It is the code of the latter state which must furnish the rule. The first act found in that code, in the order of time, is an act entitled “an act for the better regulating and collecting certain officers fees, and other purposes therein mentioned,” passed in 1745. Virginia Bod. Laws, 130. The fifteenth section of this act directs, “that the respective county courts, in every cause, except where the same shall be brought by petition, where the plaintiff shall recover or be nonsuit, or where his suit shall be dismissed, shall allow, in the bill of costs, fifteen shillings, or one hundred and fifty pounds of tobacco, for an attorney’s fee, if the party employed one.” This law was temporary in its commencing clause, but it was extended down for two, three, or four years at a period, until the erection of Kentucky, it being revived the last time by an act of 1791. But the fifteenth section before recited, was repealed in two ways—first, by an act of 1765, Virg. Bod. Laws, 459, containing an express provision to that effect; and we conceive that the laws which revived the act, from time to time, till the separation, did not, in *623 their terms, contemplate more than a revivor of that part of the act which was not repealed—and secondly, it was repealed by an act inconsistent therewith of 1765. Virg. Body. Laws, 458, which provides, “that the clerks of the respective county courts, or other inferior courts of this dominion, shall, and they are also, hereby required to tax in the bill of costs in all decrees, and in every judgment, on all such actions or suits, where the title or bounds of lands, shall or may come in question, either where the plaintiff shall recover or be non-suited, or where his suit shall be dismissed, thirty shillings, or three hundred pounds of tobacco, and in all other actions except by petition, fifteen shillings, or one hundred and fifty pounds of tobacco, for an attorney’s fee. The same act fixes the fee in all suits, by petition to seven shillings and six pence. This was a permanent act, and remained in force till 1778, when it was repealed by an act containing provisions inconsistent therewith, See Chan. Rev. 83. This last recited act enacts that “the clerks of the respective county courts, or other inferior courts of this commonwealth, shall and they are hereby required to tax in the bill of costs, in all decrees and judgments, obtained in real or mixed actions, where the title or bounds of lands shall and may come in question, either where the plaintiff may recover or be non-suited, or where his suit shall be dismissed, four pounds, and in all other actions except by petitions, forty shillings for an attorney’s fee’’ and in petitions it gives the sum of fifteen shillings. This act was permanent in its terms and provisions, and never was repealed by Virginia, as we have been able to discover, until the separation of Kentucky.
If then, we are correct in supposing that the acts of Virginia, reviving the act of 1745, did not in their terms revive more than what had expired, and of course did not revive the fifteenth section of that act, which had been repealed, it consequently follows that the act of 1778 was the act, which we, by our first constitution adopted from Virginia, ruling the question of taxing an attorney’s fee, and that the act of 1765, which has been supposed to be in force, and which, as far as the knowledge of this court has extended, formed the most usual criterion of taxation, never was in force in this state. But the continuance, of the act of 1778 in Kentucky, was of short duration. For the first session of the legislature of this state, in June 1792. See 1 Litt. 88, declared, “that such part of the act for the *624 better regulating and collecting certain officers fees, and for other purposes therein mentioned, as is not contrary to this law, be revived and continued in force, and that such part of any law as is contrary to this law be repealed.” Now this latter act contained no clause regulating attornies fees, and it revived and declared the act of 1745 to be in force, except what was inconsistent with this act. Add to this, that the act of 1745 was then in force by an act of the Virginia assembly reviving it, except the repealed fifteenth section, and the only effect of course which can be given to the Kentucky act of 1792 reviving the act of 1745, is completely to bring into force the repealed section of the latter act. This section being contrary to the act of 1778, according to settled rules of construction, repealed it, as a rule for taxation in the county courts; and the legislature having translated the laws of the county court at the same session by another act to the courts of quarter sessions, it follows that the act of 1745 was the rule of taxation in the quarter session courts. For we deem it a sound rule of construction to consider all the acts of the same session in pari materia, as one act, so as to give each complete effect if it can be done. The rule of the quarter session courts, as we have before stated, having been adopted in the circuit courts as a rule governing actions at common law only, it follows, that fifteen shillings is the highest fee that can be taxed in a common law suit in the circuit courts. We are aware that this conclusion is contrary to the prevailing customs of taxation, and it would have comported more with our wishes, to have discovered, on the investigation of this subject, that the taxation adopted in this instance, or that which usually prevails; corresponded more with the existing laws; but in this matter we have no discretion, and do not take upon ourselves to determine what the law ought to be. We are, however, gratified to find that the taxation usual in common law suits, except in real and mixed actions in the circuit courts, and except also the doubt which may exist with regard to our newly created form of action by summons and petition (into which we have not thought proper to enquire) will, in all probability, not be affected by this decision.—As to chancery suits we have already seen that they are subject to a different rule. The decision of the court below must therefore, be reversed with costs, and the cause remanded with direction to that court, to have the executions credited pursuant to this opinion.
Fifteen shillings is the fee of attornies in all common law cases.
Littell for plaintiff.